United States District Court
District of Massachusetts

|                                    |                    |
|------------------------------------|--------------------|
| HAVEN REAL ESTATE GROUP, LLC,      |                    |
|   Plaintiff-Counterclaim Defendant, |                   |
|   v.                               | Civil Action No.   |
|                                    | 15-11845-NMG       |
| BELL ATLANTIC MOBILE OF            |                    |
| MASSACHUSETTS CORPORATION, LTD.    |                    |
| d/b/a VERIZON WIRELESS,            |                    |
|   Defendant-Counterclaim Plaintiff. |                   |

## ORDER

GORTON, J.

This case arises out of a dispute over an electric bill. Plaintiff/counterclaim-defendant, Haven Real Estate Group, LLC ("Haven"), leases space to defendant/counterclaim-plaintiff, Bell Atlantic Mobile of Massachusetts Corporation, Ltd. which does business as Verizon Wireless ("Verizon"). The lease agreement states that Verizon will "pay for its own power consumption used thirty (30) days after receipt of an invoice". Both parties allege that the other failed to pay its portion of the electric bill for the property and thereby 1) breached its contractual obligations, 2) was unjustly enriched and 3) engaged

-1-

in deceptive and unfair trade practices in violation of M.G.L. c. 93A ("Chapter 93A").[1]

In June, 2016, Verizon moved for summary judgment which Haven opposed. In February, 2017, this Court granted summary judgment of dismissal of Haven's claims and entered judgment finding that Haven had breached the lease. Conversely, it determined that summary judgment was unwarranted with respect to 1) the amount of damages owed to Verizon for Haven's breach of contract, 2) Verizon's unjust enrichment counterclaim and 3) Verizon's Chapter 93A counterclaim.

In April, 2017, Verizon filed a motion for partial summary judgment on damages. Haven opposed that motion. Verizon, in turn, moved to strike an affidavit filed in support of Haven's opposition. Verizon's motions to strike and for summary judgment are the subject of this order. For the reasons that follow, the motion to strike will be allowed and the motion for summary judgment will be denied.

I. **Motion to Strike**

Verizon correctly contends that portions of the affidavit of Haven's manager, Albert Adriani, upon which Haven relies in its opposition to summary judgment, should be stricken. As

---

[1] For a more in depth description of the facts, see Haven Real Estate Grp., LLC v. Bell Atl. Mobile of Massachusetts Corp., Ltd., No. 15-11845-NMG, 2017 WL 706602 (D. Mass. Feb. 22, 2017).

Verizon points out, paragraph numbers 7 and 10-19 of that affidavit directly conflict with Adriani's answers to interrogatories and Haven gives no explanation for why the testimony changed. Accordingly, Verizon's motion to strike will be allowed. Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994).

II. **Motion for Summary Judgment**

Verizon moves for partial summary judgment on damages with respect to its breach of contract claim. Verizon contends that it is owed approximately $24,000 as well as interest because, after it overpaid the electric bill at the property, Haven kept the reimbursement in violation of the contract. Haven responds that a genuine issue of material fact remains with respect to the amount of damages owed because, during the relevant time period, 1) it is unclear how much electricity Verizon used and 2) Haven paid portions of Verizon's electric bill. In support of its position, Haven submits tax returns showing that it paid utilities in the amount of approximately $94,000 in 2011, $56,000 in 2012 and $154,000 in 2013.

Haven's contention that a genuine issue of material fact remains with respect to the amount of damages is well taken. As the moving party, Verizon bears the burden of showing "that there is no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). Pursuant to Massachusetts law, "contract damages should not exceed the value of the benefit of which [the wronged party] was deprived." Selmark Assocs., Inc. v. Ehrlich, 5 N.E.3d 923, 937-38 (Mass. 2014). The tax returns are evidence that create a genuine issue of material fact with respect to whether Haven paid some of Verizon's electric bills. If Haven did so, then Verizon's damages would need to be adjusted to account for Haven's payment. Otherwise Verizon would receive a windfall instead of being "put in as good a position as if the other party had fully performed." Id. at 937. Because a genuine issue of material fact persists with respect to the amount of damages, Verizon is not entitled to judgment as a matter of law and its motion for partial summary judgment will be denied.

## ORDER

In accordance with the forgoing, Verizon's motion to strike (Docket No. 70) is **ALLOWED** but its motion for partial summary judgment (Docket No. 60) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated May 23, 2017