United States District Court
District of Massachusetts

| | |
|---|---|
| HAVEN REAL ESTATE GROUP, LLC, ) <br> ) <br> Plaintiff-Counterclaim ) <br> Defendant, ) <br> ) <br> v. ) <br> ) <br> BELL ATLANTIC MOBILE OF ) <br> MASSACHUSETTS CORPORATION, LTD. ) <br> d/b/a VERIZON WIRELESS, ) <br> ) <br> Defendant-Counterclaim ) <br> Plaintiff. ) <br> ) | Civil Action No. <br> 15-11845-NMG |

## ORDER

GORTON, J.

Defendant-counterclaim plaintiff, Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless ("Verizon") moves for reconsideration of this Court's denial of its motion for partial summary judgment on damages. According to Verizon, reconsideration is warranted because 1) the only evidence presented by plaintiff-counterclaim defendant, Haven Real Estate Group, LLC ("Haven"), to oppose that motion was inadmissible tax returns and 2) the denial of the prior motion reopens Haven's already-dismissed breach of contract claim.

Verizon's motion for reconsideration will be denied because, as Haven points out, it fails to meet the heavy burden required to show that reconsideration is warranted. First,

although Verizon moved to strike a portion of the Albert Adriani affidavit submitted in opposition to its motion for partial summary judgment and this Court allowed that motion, Verizon did not move to strike the tax returns. The First Circuit Court of Appeals has

> held time and again . . . [that] a Rule 59(e) motion does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that should have been presented to the district court prior to judgment.

Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) (internal quotation and citation omitted). Although Verizon may object to the tax returns on evidentiary grounds at trial, which objection may or may not be sustained, it failed to move to strike the tax returns with respect to its motion for partial summary judgment and will not now be permitted to undo that procedural omission.

Nor does Verizon's second contention warrant reconsideration. "The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165, n.9 (1st Cir. 2004). Verizon already raised its argument that denying summary judgment would re-open Haven's breach of contract claim. This Court already ruled that, if Haven did pay portions of the electric bill, Verizon's damages must be adjusted accordingly because "contract damages should not exceed the value of the

benefit of which [the wronged party] was deprived." <u>Selmark Assocs., Inc.</u> v. <u>Ehrlich</u>, 5 N.E.3d 923, 937-38 (Mass. 2014).

Accordingly, Verizon's motion for reconsideration is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June 6, 2017